

EOD
08/17/2005

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WILLIAM L. SHIPMAN AND | § | Case No. 04-11416 |
| LOYCE S. SHIPMAN | § | |
| | § | |
| Debtors | § | Chapter 7 |

## MEMORANDUM OF DECISION

This matter came before the Court upon hearing of the "Trustee's Objection to Debtor's Second Amended Exemptions" filed by Daniel J. Goldberg, Chapter 7 Trustee (the "Trustee), in the above-referenced case. The Objection seeks to invalidate the exemption claim of Loyce Leigh (Schofield) Shipman (the "Debtor") of her beneficial interest in a wrongful death trust arising under Ohio law. Upon due consideration of the evidence and the applicable legal authorities, the Court concludes that the Trustee's Amended Objections to Debtors' Second Amended Claim of Exemptions should be granted in part and denied in part. This memorandum of decision disposes of all issues pending before the Court.[1]

## Background

The joint debtor, Loyce Leigh (Schofield) Shipman, is a twenty-one-year-old unemployed married woman who is the sole beneficiary of a "Wrongful Death Trust for

---

[1] This Court has jurisdiction to consider the objection pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(a). The Court has the authority to enter a final order in this contested matter since it constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A), (B), and (O).

Children of Decedent" established under an order by an Ohio Probate Court of Common Pleas arising from the death of her father in a train accident in Ohio in 1989 when the Debtor was five years of age. At the time of the filing of her bankruptcy petition with her husband, the Debtor first attempted to claim a federal exemption for her interest in the trust under 11 U.S.C. § 522(d)(11)(B). The Trustee objected to that exemption claim and triggered the resulting hearing. However, the Debtor subsequently amended her exemption claim and claimed her trust interest as exempt under TEX. INS. CODE §1108.051. The Trustee properly asserted an objection to that exemption claim. Finally, in an amendment asserted immediately prior to the hearing, the Debtor claimed for the first time that her trust interest arose from a spendthrift trust which did not constitute an asset of the bankruptcy estate at all under §541(c)(2).

The Debtor testified at the hearing that she really did not remember much about the circumstances surrounding her father's death and the creation of the trust for her benefit. She does not really know the source of funds with which the trust was funded, although she believes that it was funded by proceeds tendered by the railroad company involved in her father's accident or its insurer. She has never been involved in any aspect of the administration of the trust and her receipt of funds from the trust has been extremely restricted by an absolute requirement of judicial approval as a prerequisite to any distribution by the trustee. In fact, the Debtor has received proceeds from the trust on only one occasion during her lifetime — for proceeds to assist her in funding her wedding

to Mr. Shipman in 2002. Upon conclusion of the hearing, the Court took the matter under advisement for further examination of applicable Ohio legal authority.

## Discussion

To the extent that the Debtor's claims of exemption as to her interest in the wrongful death trust created for her benefit were not abandoned by the Debtor at the hearing, it is clear that the Trustee's objection must be sustained. The Debtor's beneficial trust interest simply does not qualify for exemption under TEX. INS. CODE §1108.051.[2] The proof is woefully insufficient that the proceeds received by the trust were derived through the payment of benefits under any insurance policy at all, and certainly no proof that the Trust res was established from proceeds from an accident insurance policy of the Debtor's father, as opposed to liability insurance of the railroad company involved. See

---

[2] TEX. INS. CODE §1108.051 provides that:

(a) Except as provided by Section 1108.053, this section applies to any benefits, including the cash value and proceeds of an insurance policy, to be provided to an insured or beneficiary under:
    (1) an insurance policy or annuity contract issued by a life, health, or accident insurance company, including a mutual company or fraternal benefit society; or
    (2) an annuity or benefit plan used by an employer or individual.

(b) Notwithstanding any other provision of this code, insurance or annuity benefits described by Subsection (a):
    (1) inure exclusively to the benefit of the person for whose use and benefit the insurance or annuity is designated in the policy or contract; and
    (2) are fully exempt from:
        (A) garnishment, attachment, execution, or other seizure;
        (B) seizure, appropriation, or application by any legal or equitable process or by operation of law to pay a debt or other liability of an insured or of a beneficiary, either before or after the benefits are provided; and
        (C) a demand in a bankruptcy proceeding of the insured or beneficiary.

*Compton v. Powers (In re Powers)*, 112 B.R. 178, 180-81 (Bankr. S. D. Tex. 1989) regarding the distinction between accident and liability insurance in construing TEX. INS. CODE §21.21, the statutory predecessor of §1108.051.  Thus, if the legitimacy of the Debtor's exemption claim was the sole barrier to the Trustee's possession of the trust funds, the resolution of this matter would be simple.  However, the Debtor's contention that her interest in the wrongful death trust does not constitute property of the bankruptcy estate which the Trustee is entitled to control requires closer examination.

*Spendthrift Trust*

A spendthrift trust, i.e., a trust "in which the right of the beneficiary to future payments of income or capital cannot be voluntarily transferred by the beneficiary or reached by his or her creditors,"[3] stands as one of the notable exceptions to the broad sweep of property ["all legal and equitable interests"] which constitutes property of the bankruptcy estate under §541(a).  §541(c)(2) excludes a spendthrift trust from the bankruptcy estate if applicable state law protects the trust proceeds from the reach of the beneficiary's creditors.[4]  *Patterson v. Shumate*, 504 U.S. 753, 762, 112 S.Ct. 2242, 2248,

---

[3]  *Shurley v. Texas Commerce Bank (In re Shurley),* 115 F.3d 333, 337 (5th Cir. 1997).

[4]  §541(c) provides that:

(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law —
    (A) that restricts or conditions transfer of such interest by the debtor; or
    (B) that is conditioned on the insolvency or financial condition of the debtor on the

119 L.Ed.2d 519 (1992); *Smith v. Moody (In re Moody)*, 837 F.2d 719, 722-23 (5th Cir. 1988). However, the Debtor bears the burden to demonstrate by a preponderance of the evidence that the referenced property interest meets the requirements of §541(c)(2) for exclusion from the bankruptcy estate: (1) that a valid trust has been established; and (2) that it contains anti-alienation provisions sufficient to protect the trust assets from seizure by the beneficiary's creditors under applicable non-bankruptcy law.

A close review of the record reveals that the Trustee has not seriously questioned the legitimacy of the wrongful death trust as a trust under Ohio law. The wrongful death trust established for the Debtor's benefit was specifically created "pursuant to the provisions of Ohio R.C. 2125.03" which provides that

> The court [that appointed the personal representative of the estate] may create a trust for any beneficiary who is under twenty-five years of age by ordering that the portion of the amount received by the personal representative for that beneficiary be deposited in trust for the benefit of that beneficiary, until the beneficiary reaches twenty-five years of age, and order the distribution of the amount in accordance with the provisions of the trust. Prior to appointment as a trustee of a trust created pursuant to this section, the person to be appointed shall be approved by each adult

---

> commencement of a case under this title, or on the appointment of or taking possession by a trustee in case under this title or a custodian before such commencement and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.
>
> *(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.* (emphasis added).

-5-

beneficiary and by the guardian of each minor beneficiary of the trust. OHIO REV. CODE ANN. § 2125.03(A)(2) (West 2005).

The trust document is executed by the probate judge presiding over the Debtor's deceased father's estate in Hardin County, Ohio and Article Twelve of the trust document specifically references the laws of the state of Ohio as the governing law over the trust.[5] The recitals in the trust document language and the language of the statute under which the trust was created, followed by evidence of the actual creation of the trust with a demonstrable res which is still being administered held by a trustee in Ohio, establish that a valid trust was created under Ohio law.[6]

Secondly, the Court concludes that the Debtor's interest is protected from creditors under Ohio law. Though it was one of the last states to do so, Ohio finally recognized the validity of a spendthrift trust in 1991 in *Scott v. Bank One Trust Co.*, 577 N.E.2d 1077 (Ohio 1991) in which the Supreme Court of Ohio recognized that the enforcement of spendthrift trust provisions against the interests of a beneficiary's creditors is not unfair because the beneficiary owns no greater interest in the trust property than what the trust instrument conveys to him and that a settlor's wishes to convey only such property as the

---

[5] Ex. P-3.

[6] "In Ohio, a trust is created by 'an explicit declaration of trust, or circumstances which show beyond reasonable doubt that a trust was intended to be created, accompanied with an intention to create a trust, followed by an actual conveyance . . . of definite property . . . vesting the legal title presently in a person capable of holding it, to hold as trustee for the benefit of a cestui que trust.'" *Rhiel v. Adams (In re Adams)*, 302 B.R. 535, 540 (B.A.P. 6th Cir. 2003)(*quoting Ulmer v. Fulton*, 195 N.E. 557, 564 (Ohio 1935)).

beneficiary will actually enjoy can be protected without eliminating any property interest to which the prior or subsequent creditors of the beneficiary could legitimately look for payment. *Id*. at 1083-84. In fact, *Scott* stands for the proposition that a beneficiary of a spendthrift trust created under Ohio law does not have any interest in that trust which is liable to execution because the settlor did not convey such an interest to that beneficiary. *Id*. at 1084, as summarized by *Domo v. McCarthy*, 612 N.E.2d 706, 709 (Ohio 1993).

> Article Two of the trust document states, in relevant part, that:
>
> If, because of any alienation or attempted alienation by any beneficiary of any interest or right to receive payments under any trust created herein, or if, from any cause whatsoever, such payments or any part thereof shall...at any time become payable to or pass to or for the benefit of any persons other than such beneficiary, such beneficiary's interest or right to receive such payments or such parts thereof, shall cease and terminate during such period. Notwithstanding any forfeiture of a beneficiary as aforesaid, the Trustee may continue to pay to, or apply for the benefit of, such beneficiary the net income or principal of such beneficiary's trust, up to the whole thereof, as approved from time to time by the Probate Judge, pursuant to an order of the Court, in the Probate Judge's uncontrolled discretion, but without any obligation on the Probate Judge to do so.

This provision reinforces the statutory intent of protecting wrongful death proceeds from any type of dissipation by the intended beneficiary until such time as such beneficiary has hopefully obtained a degree of maturity regarding financial matters by placing them under the direct supervision of the probate court. Though no case could be located in which creditors sought to invade the corpus of a §2125.03 wrongful death trust under Ohio law, that result is not really surprising. The enforcement of the spendthrift provisions of such a trust is consistent with legislative intent and the clear public policy of Ohio that

proceeds realized from an action for wrongful death must be zealously protected for the ultimate benefit of a decedent's beneficiary and that direct court supervision of any distribution to any such beneficiary under the age of 25 is the best means by which to accomplish that objective in light of the tragedy under which such funds became available.  No creditor could compel the presiding probate judge to render funds in satisfaction of an execution under Ohio law and, as established by the evidence in this case, even the Debtor's access to such funds is extremely limited and absolutely controlled by the discretion of the presiding probate judge.  Under such circumstances, the Court concludes that the restrictions upon the Debtor's interest in the proceeds governed by the §2125.03 wrongful death trust would be enforceable under Ohio law and, therefore, such restrictions are enforceable in this case, such that the Debtor's interest in that trust is excluded from the scope of the bankruptcy estate created by the filing of the voluntary petition by the Debtor in this case.

Accordingly, the Court concludes that the Trustee's Amended Objections to Debtors' Second Amended Claim of Exemptions should be sustained in part and denied in part.  The Trustee's objection to the Debtors' exemption claims with regard to the wrongful death trust established for the benefit of Loyce Leigh (Schofield) Shipman are sustained; however, the Trustee's demand for the turnover of the funds contained in that trust is denied because such do not constitute property of the bankruptcy estate in this case.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law[7] pursuant to FED. R. CIV. P. 52, as incorporated into contested matters in bankruptcy cases by FED. R. BANKR. P. 7052 and 9014. A separate order shall be entered consistent with this opinion.

Signed on 8/17/2005

*Bill Parker*

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[7] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.